**LOCKS LAW FIRM**
**BY: MARC P. WEINGARTEN, ESQUIRE**
**IDENTIFICATION NO. 23718**
**TIMOTHY A. BURKE, ESQUIRE**
**IDENTIFICATION NO. 320927**
**601 WALNUT STREET SUITE 720E**
**PHILADELPHIA, PA 19106**
**(215) 893-3401**
**tburke@lockslaw.com**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**PENNSYLVANIA**

---

| | | |
|---|---|---|
| **MICHAEL A. LINGENFELTER** | : | **JURY TRIAL DEMANDED** |
| **720 29TH Street NW** | : | |
| **Roanoke, VA 24017** | : | |
| | : | **NO.:** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **HENOK B. BERHE** | : | |
| **201 McAndrews Rd. W. Apt. 2** | : | |
| **Burnsville, MN 55337** | : | |
| | : | |
| **NTO EXPRESS, LLC** | : | |
| **415 E. Airport Fwy. Suite 330** | : | |
| **Irving, TX 75061** | : | |
| **Defendants** | : | |

---

**LOCKS LAW FIRM**
**BY: MARC P. WEINGARTEN, ESQUIRE**
**IDENTIFICATION NO. 23718**
**TIMOTHY A. BURKE, ESQUIRE**
**IDENTIFICATION NO. 320927**
**601 WALNUT STREET SUITE 720E**
**PHILADELPHIA, PA 19106**
**(215) 893-3401**
**tburke@lockslaw.com**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **MICHAEL A. LINGENFELTER** | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | **NO.:** |
| **vs.** | : |  |
| **HENOK B. BERHE, et al.** | : |  |
| **Defendants** | : |  |

## CIVIL ACTION COMPLAINT

### PARTIES

1.     Plaintiff Michael Lingenfelter (hereinafter "Mr. Lingenfelter") is a resident of the Commonwealth of Virginia, residing at the address listed in the caption of this complaint.

2.     Defendant, NTO Express, LLC (hereinafter "NTO") is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania and regularly conducts business in Pennsylvania, with a business address listed in the caption of this complaint.

3.     Defendant Henok Behre (hereinafter "Mr. Behre") is a resident of the State of Minnesota, residing at the address listed in the caption of this complaint.

4.     At all times relevant hereto, defendant Mr. Berhe was an agent, servant, and/or employee of defendant NTO Express LLC, acting within the scope of his agency.

### JURISDICTION AND VENUE

1

5.      This Court has jurisdiction over the parties and subject matter of this Civil Action Complaint in that the Plaintiff is a citizen of Virginia and the Defendants are citizens of Minnesota and Texas, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $150,000.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(1) and (2) in that a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this federal jurisdictional district.

## FACTS

7.      Mr. Lingenfelter was severely and permanently injured when the 2011 blue Mazda 3 series automobile in which he was a passenger was struck by a negligently-operated tractor trailer that was owned by Defendant Mr. Behre and operated on behalf of Defendant NTO Express by its employee, agent, and/or ostensible agent Defendant Mr. Behre.

8.      Upon information and belief, the subject tractor (a 2012 Great Dane Trailer, bearing a Minnesota license plate of PAR4169) was owned by Defendant Mr. Behre and being operated on behalf of Defendant NTO Express, LLC by its employee, agent, and/or ostensible agent Defendant Mr. Behre who was, at all material times, acting within the course and scope of his employment and/or agency for Defendant NTO Express.

9.      Defendant NTO Express is vicariously liable for all of the material and relevant conduct of Defendant Mr. Behre, including the negligent conduct that is set forth in this complaint.

10.     At all material times, the Driver of the vehicle in which Plaintiff was a passenger, Vivian Lingenfelter-Repique, was operating and utilizing her vehicle in a safe and reasonable manner.

11.     Defendant NTO Express, a foreign corporation with a principal place of business at the address set forth in the Caption, was and is authorized to do business throughout the Commonwealth of Pennsylvania, which it does regularly, and for which it receives revenue.

12.     At all material times, Defendant Mr. Behre was operating his vehicle in Pennsylvania, subjecting him to jurisdiction under Pennsylvania law.

13.     On August 4, 2017, at approximately 10pm, the Plaintiff was traveling westbound on the Pennsylvania Turnpike when the Defendant, Mr. Behre, whose tractor trailer was also traveling westbound, attempted to merge into the right lane in which the Plaintiff's vehicle was traveling.

14.     At that time Mr. Behre's tractor trailer struck the left rear area of the Plaintiff's vehicle with his right front bumper, causing the Plaintiff's vehicle to spin counterclockwise across the left lane, ultimately making impact with the turnpike's concrete barrier at a high rate of speed.

15.     As a result of the subject incident and the negligent conduct of all the party-defendants, Mr. Lingenfelter has sustained serious and permanent injuries, including severe neurologic, orthopedic and dental injuries and significant conscious pain and suffering, as well as anxiety and other physiological, psychological and functional disturbances, the full extent of which injuries, conditions and disturbances are not yet known, and some or all of which may be permanent in nature.

16.     As a result of the subject incident and the negligent conduct of all the party-defendants, Mr. Lingenfelter has suffered and may continue in the future to suffer loss of earnings and/or earning capacity; he is required and may continue in the future to require medical care, surgical care and hospital care, and has incurred and may in the future continue to

incur expenses for medicines, hospital and medical care to attend to, treat and attempt to alleviate, minimize and/or cure his conditions.

17.     As a result of the subject incident and the negligent conduct of all the party-defendants, Mr. Lingenfelter has suffered injuries that have precluded him from and may in the future preclude him from enjoying the ordinary pleasures of life, and participating in his ordinary activities and obligations. Further, he has suffered and may in the future continue to suffer pain, mental anguish, loss of well-being and other such intangible losses.

**COUNT I**
**Michael Lingenfelter v. Henok Behre**
**NEGLIGENCE**

18.     Plaintiff incorporates by reference all of the above paragraphs as if set forth more fully herein.

19.     This motor vehicle collision was the direct result of the negligence, carelessness, and or recklessness of the defendant, Mr. Behre, in operating his tractor trailer, and not the result of any act or failure to act by the Plaintiff.

20.     The negligence, carelessness, and or recklessness of the defendant, which was the sole cause of the aforementioned motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

   a.   Mr. Behre's failure to operate the tractor at a safe speed;

   b.   Mr. Behre's failure to maintain proper control over the tractor;

   c.   Mr. Behre's failure to maintain a proper and adequate lookout;

   d.   Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

   e.   Mr. Behre's failure to maintain proper control or take the proper

precaution to safely change lanes on the interstate;

f.  Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

g.  Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

h.  Mr. Behre's failure to take the appropriate precautions to avoid the accident;

i.  Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

j.  Mr. Behre's failure to use due care under the circumstances;

k.  Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

21.    As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

22.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.    As an additional result of the carelessness, negligence and/or recklessness of the defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.     As a further result of Plaintiff's injuries, he has in the past, and is presently and may in the future undergo great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25.     Further, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in this present action.

**WHEREFORE**, Plaintiff, Mr. Lingenfelter, demands judgment in his favor and against Defendant, Mr. Behre, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

<u>COUNT II</u>
**Michael Lingenfelter v. NTO Express, LLC.**
**RESPONDEAT SUPERIOR**

26.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if more fully set forth at length herein.

27.     The negligence, recklessness and/or carelessness of the Defendant, NTO, itself and by and through its agent, servant and/or employee, defendant Mr. Behre, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

     a.   Mr. Behre's failure to operate the tractor at a safe speed;

     b.   Mr. Behre's failure to maintain proper control over the tractor;

     c.   Mr. Behre's failure to maintain a proper and adequate lookout;

    d.  Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

    e.  Mr. Behre's failure to maintain proper control or take the proper precaution to safely change lanes on the interstate;

    f.  Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

    g.  Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

    h.  Mr. Behre's failure to take the appropriate precautions to avoid the accident;

    i.  Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

    j.  Mr. Behre's failure to use due care under the circumstances;

    k.  Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

28.    As a direct and consequential result of negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

29.    As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite

time into the future.

30.     As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

31.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

32.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Mr. Lingenfelter, prays for judgment in Plaintiff's favor and against defendant, NTO Express, LLC, in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

<u>**COUNT III**</u>
**Michael Lingenfelter v. NTO Express, LLC.**
**NEGLIGENT ENTRUSTMENT**

33.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth more fully at length herein.

34.     The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resulting injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.  Permitting defendant, Mr. Behre to operate the tractor trailer without first ascertaining whether or not he was capable of properly operating said vehicle;

b.  Permitting defendant, Mr. Behre to operate the tractor trailer when Defendant, NTO, knew, or in the exercise of due diligence, should have known that defendant, Mr. Behre, was capable of committing the acts of negligence set forth above;

c.  Failing to warn those persons, including the Plaintiff, that defendant, NTO, knew, or in the exercise of due care and diligence should have known, that Plaintiff would be exposed to the Defendant, Mr. Behre's negligent operation of the tractor trailer.

35.  As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered carious various and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

36.  As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

37.  As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

38.  As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

39.  Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an

amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Mr. Lingenfelter, prays for judgment in Plaintiff's favor and against defendant, NTO Express, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated:    January 31, 2019          By:   /s/ *Marc P Weingarten*
                                          MARC P. WEINGARTEN, ESQUIRE
                                          TIMOTHY A. BURKE, ESQUIRE *Pro Hoc Vice* Admission Pending
                                          **Attorneys for Plaintiff**